**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JOSHUA-JAMES MORELLI,<br>    Plaintiff,<br><br>v.<br><br>SCOTT SEMPLE, et al.,<br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | PRISONER CASE NO.<br>3:18-cv-2041 (JCH)<br><br><br><br>FEBRUARY 8, 2019 |

**ORDER**

The plaintiff, Joshua-James Morelli ("Morelli"), incarcerated at the Carl Robinson Correctional Institution ("Robinson") in Enfield, Connecticut, has filed a Complaint (Doc. No. 1) pro se. Morelli sought leave to proceed in forma pauperis. Motion for Leave to Proceed in forma pauperis (Doc. No. 2). On December 18, 2018, the court granted Morelli's application. Order (Doc. No. 6).

Federal Rule of Civil Procedure 10(a) requires that every pleading have a case caption which includes the names of all parties, the title of the motion, and the name of the court. Morelli's Complaint is a letter with no caption. The Clerk has assumed that the defendants are the three persons included in the caption of Morelli's Motion to Proceed in forma pauperis.

Federal Rule of Civil Procedure 8(a) requires that a complaint include a short and plain statement showing (1) the grounds for the court's jurisdiction, (2) that Morelli is entitled to relief, and (3) a demand for the relief he seeks. Fed. R. Civ. P. 8(a). In his

Complaint, Morelli alleges that he became ill as a result of being served spoiled milk for about a month. Compl. at 2–3. He states that he should be compensated for him mistreatment, but he does not identify what relief he seeks. Id. at 4. Furthermore, Morelli does not identify the basis for subject matter jurisdiction.

Although Morelli does not identify which laws the defendants have allegedly violated, the court liberally construes the Complaint as being filed pursuant to section 1983 of title 42 of the United States Code. See Grant v. Human Res. Admin., Food Stamp Dep't, No. 99 CIV. 1379 (LMM), 2000 WL 109104, at *1 (S.D.N.Y. Jan. 31, 2000), aff'd, 17 F. App'x 38 (2d Cir. 2001) ("Plaintiff does not specifically identify in the complaint the basis for subject matter jurisdiction, and, in the absence of any such identification, the Court must assume that 42 U.S.C. § 1983 is the basis."). Notwithstanding this liberal construction, however, the Complaint does not state a cause of action under section 1983 because it does not plausibly allege that any of the defendants were personally involved in the deprivation of Morelli's constitutional rights. In this Circuit, "[i]t is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, inter alia, the defendant's personal involvement in the alleged constitutional deprivation." Grullon v. City of New Haven, 720 F.3d 133, 138 (2d Cir. 2013). In his Complaint, however, Morelli does not allege facts showing that any defendant was aware of the issue concerning the spoiled milk. He merely alleges that the kitchen supervisor should oversee food rotation. Compl. at 4. These allegations do not plausibly show that any defendant was personally involved in depriving Morelli of any constitutional rights.

## ORDERS

Morelli is ordered to file an Amended Complaint that complies with the requirements of Federal Rules of Civil Procedure 8 and 10 no later than March 4, 2019. Morelli must allege facts supporting his claim and demonstrating how each defendant was involved in the claim.

Morelli shall utilize the Prisoner Efiling Program when filing documents with the court.

The Clerk is directed to send Morelli an Amended Complaint form with this Order. Failure to file an Amended Complaint by March 4, 2019, will result in the dismissal of the case.

**SO ORDERED.**

Dated this 8th day of February 2019 at New Haven, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge